### KIENNINGER v. INTERURBAN ST. RY. CO. et al.

(Supreme Court, Appellate Term. November 30, 1908.)

EVIDENCE (§ 317*)—HEARSAY—BODILY CONDITION.

> In a personal injury action, testimony by plaintiff's husband as to the condition of her health and as to the injuries suffered, and by her physician as to declarations by plaintiff of the same character, made several months after the accident, was hearsay and inadmissible.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1176; Dec. Dig. § 317.*]

Appeal from City Court of New York, Trial Term.

Action by Augusta Kienninger against the Interurban Street Railway Company and another. From a judgment for plaintiff, one of defendants appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Milton Mayer, for appellant.

Bookstaver & Norton (Harry J. Sondheim, of counsel), for respondent.

SEABURY, J. This was an action brought to recover damages for personal injuries. The complaint against the Interurban Street Railway Company was dismissed upon the trial. From the judgment entered upon the verdict of the jury in favor of the plaintiff, the defendant Marcuse appeals to this court.

---

The judgment must be reversed, because the trial court admitted hearsay evidence against the defendant. Against the objection and over the exception of the defendant, the court permitted the husband of the plaintiff to testify to declarations made by the plaintiff as to the condition of her health and as to the injuries from which it is claimed she suffered. A physician, called by the plaintiff, was also permitted to testify to declarations by the plaintiff of the same character, which were made several months after the accident. This testimony was hearsay evidence and, as such, should have been excluded.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.